UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20894-CIV-UNGARO

CARDILE BROTHERS MUSHROOM
PACKAGING,

    Plaintiff,

vs.

WONDER-LAND INVESTMENTS, INC.,
et al.,

    Defendants.
_____/

**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND
REFERRING MOTION FOR PRELIMINARY INJUNCTION**

THIS CAUSE is before the Court upon Plaintiff's Motion for Temporary Restraining Order Without Notice, filed April 6, 2009 (D.E. 2).  Also before the Court is Plaintiff's Motion for Preliminary Injunction, filed April 6, 2009 (D.E. 3.)

THE COURT has considered the Motions, and the pertinent portions of the record, and is otherwise fully advised in the premises.  By way of background, Plaintiff brought this action for declaratory relief and to enforce the trust provisions under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c).  Plaintiff alleges it sold and delivered to Defendants $21,426.26 worth of wholesale quantities of produce, all of which remains unpaid.  Plaintiff states that Defendants have not disputed the amount owed and have advised Plaintiff that they are unable to pay Plaintiff.  Plaintiff now seeks to temporarily restrain and enjoin Defendants from dissipating the PACA trust assets.

The Court may grant an ex parte temporary restraining order only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.  Fed. R. Civ. P. 65(b)(1).  Plaintiff's Motion for Temporary Restraining Order satisfies both requirements.  First, Plaintiff has presented the Affidavit of Mary Backus, Plaintiff's Credit Manager, and Backus represents in her affidavit that as late as March 30, 2009,

Defendants informed Plaintiff that they are experiencing severe cash flow problems and that they did not believe that they were going to be operating much longer.  Backus represents that unless the assets of the Defendant corporation are frozen, it is likely that the PACA trust assets will continue to be dissipated and that as a result Plaintiffs will suffer immediate and irreparable harm because it will lose the trust assets and rights that are owed under the statute.

Second, Plaintiff represent in its Memorandum in Support of Plaintiff's Motions (D.E. 4) that if notice is given to Defendants of the pendency of Plaintiff's Motion for a Temporary Restraining Order, trust assets will be threatened with dissipation before the Motion is heard.  As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible.  H.R.Rep. No. 543, 98th Cong. 2d Sess. 4 (1983); *see also Frio Ice, S.A. v. Sunfruit*, Inc., 918 F.2d 154 (11th Cir. 1990).   Entry of this Order without notice ensures retention of the trust assets under the control of this Court, which is specifically vested with jurisdiction over the PACA trust.  See 7 U.S.C. § 499e(c)(5).

Based on the foregoing, the Court finds that Plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this Court enters a Temporary Restraining Order without notice.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for a Temporary Restraining Order (D.E. 2) is GRANTED.  Defendant Wonder-Land Investments, Inc. and individual defendants Juana Camus and Manuel Gonzalez are temporarily restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provision of the PACA without agreement of Plaintiff or until further order of this Court.  It is further

ORDERED AND ADJUDGED that Plaintiff shall not be required to post or give any security in view of the fact that Defendants now hold $21,426.26 of PACA trust assets that belong to Plaintiff and because this Order merely requires Defendants to comply with the requirements set forth under PACA.  It is further

ORDERED AND ADJUDGED that this Temporary Restraining Order is entered this 6th day of April, 2009 at 5:27 p.m. and shall expire within ten (10) days from the date of its issuance,

unless extended for good cause shown upon motion duly filed and served on all parties. Plaintiff is directly to immediately serve the Defendants with a copy of this Order. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for a Preliminary Injunction (D.E. 3) is referred to United States Magistrate Judge Andrea Simonton to take all necessary and proper action as required by law. The parties are instructed to direct courtesy copies of all material necessary to the resolution of the referred matter to Judge Simonton's chambers. Judge Simonton shall hear Plaintiff's Motion for a Preliminary Injunction on <u>Monday, April 13, 2009 at 9:30 a.m</u>. in the Eighth Floor Courtroom, 301 N. Miami Ave, Miami Florida 33128, at which time Defendants shall appear and show cause, if any, why Plaintiff's Motion for a Preliminary Injunction should not be granted.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of April, 2009.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record